## THE PEOPLE v. WILLIAM INGRAHAM.

*Local option law[1]—What are prohibited liquors—Percentage of alcohol—Good-faith of respondent—Instructions to jury.*

Respondent was convicted of a violation of the local option law. The witnesses for the people testified that they obtained and drank at respondent's place of business just such lager beer as they were accustomed to find in other saloons, and that it was intoxicating. It further appeared that respondent had taken out a government license for the sale of malt liquors at said place. The respondent testified that all the drinks he had for sale were ginger ale and pop; that on purchasing the ale he informed the vendors that he wanted a non-alcoholic and non-intoxicating drink, as the local option law was in force in his county; and that he was assured by them that he would

---

[1] For cases fixing the *status* of druggists in local option counties, see:

1. *People v. Murphy*, 93 Mich. 41, holding that a druggist in a local option county who fails to comply with the requirements of the general law, by filing his bond with the county treasurer, is subject to prosecution under the local option law.

2. *Bishopp v. Circuit Judge*, 94 Mich. 461, holding that a druggist in a local option county who has filed his bond, and who sells liquor in violation of the restrictions and requirements of the general liquor law, should be prosecuted under the local option law.

have the right to sell the ale, as it was non-alcoholic and non-intoxicating. In explanation of his possession of the government license, he claimed that he procured it on the advice of an ex-revenue collector, because it was cheaper to do so than to be called to respond in the U. S. court. And it is held:

*a*—That a request that, if the jury should find that the respondent purchased and sold the drink called "ginger ale" in good faith, believing it to be non-alcoholic and non-intoxicating, they must acquit, was properly refused; and that the jury were correctly instructed that the ignorance of the respondent at the time of the sale that the liquors were intoxicating would not excuse him, unless he took such reasonable means to ascertain whether they were such liquors as were prohibited as an ordinarily careful and prudent man, desirous of obeying the law, would take to ascertain such fact.

*b*—That, in answer to a request that the court charge the jury that if they believed the drinks sold contained only 1 per cent. of alcohol, and were not convinced, beyond a reasonable doubt, that they were intoxicating, they should acquit, an instruction that the statute prohibited the keeping of a place where malt, brewed, fermented, vinous, or intoxicating liquors, or liquors some part of which was spirituous and intoxicating, were sold; that, if the respondent was not keeping such a place, he could not be convicted; and that it was for the jury to say, under all the evidence, whether he kept such a place,—was, under the circumstances, as fair a charge as the respondent was entitled to.

*c*—That the statute prohibits the keeping of a place where intoxicating liquors, or any mixed liquors, any part of which is intoxicating, are. sold, its intent being to prevent the spread of intemperance and remove the cause; that evidently the Legislature thought that mixed liquors of which any part is intoxicating might be injurious, and it was left to the people of each county to determine whether any such drinks should be sold; and that the request of the respondent to charge the jury that if they found that the drinks sold contained some alcohol, yet not of sufficient quantity to cause intoxication, they must acquit, was properly refused.[1]

Exceptions before judgment from Hillsdale. (Lane, J.) Submitted on briefs April 25, 1894. Decided June 2, 1894.

---

[1] On the question of what liquors are within the statutory restrictions as to the sale of "spirituous," "vinous," "fermented," or other intoxicating liquors, see extensive note to the Mississippi case of *Lemly v. State*, 20 L. R. A. 645.

Respondent was convicted of a violation of the local option law. Conviction affirmed. The facts are stated in the opinion.

*Frankhauser Bros.*, for respondent.

*A. A. Ellis*, Attorney General, and *Guy M. Chester*, Prosecuting Attorney, for the people.

LONG, J. Respondent was convicted under an information charging him with having kept a saloon and place where intoxicating liquors were sold, in violation of Act No. 207, Laws of 1889, commonly called the "Local Option Law." The errors assigned relate principally to the refusal of the court to give certain requests to charge, and to the charge as given. The defense was that respondent kept a lunch room, and sold only soft drinks.

The people introduced testimony to show that on October 12, 1892, several parties went into the defendant's place, and there called for, obtained, and drank lager beer, and that this was repeated several times that day. These parties who drank the beer testified that it was intoxicating, and just such lager as they were accustomed to find in other saloons. As they describe the place kept by defendant, the front room is for cigars; back of this is a bar-room, with bottles and cases of bottles, a billiard and pool table, and a bar. The people also showed that respondent had taken out a government license for the sale of malt liquors at that place.

The respondent testified that all the drinks he had for sale were Toledo ginger ale and Stone's pop; that when he bought the ginger ale, in Toledo, he told them he wanted a non-alcoholic and non-intoxicating drink, as the local option law was in force in the county where he lived and did business; and that he was assured by the parties that he would have the right to sell the ginger ale, as it

was non-alcoholic and non-intoxicating. He further testified that he sold no lager beer. In explanation of how he came to have a government license to sell malt liquors, he claimed t .at a party who had formerly been a revenue collector sent for him to come to Hillsdale, and there advised him to get such a license, and he got it because it was cheaper than being called to respond in the United States court.

Upon these issues the court was asked by respondent to instruct the jury:

"If you find that the defendant purchased the drink called 'ginger ale' in good faith, believing it was non-alcoholic and non-intoxicating, and sold it in good faith as such, then you must acquit."

This was refused, and the court directed the jury as follows:

"It is claimed here, on the part of this defendant, that these liquors were sold here, if they were prohibited by the instructions which I will give you, that it was not intentionally done. This law is passed for the purpose of preventing traffic in such prohibited liquors, and it is the business of the person who engages in selling liquors for a beverage to see that he is not selling prohibited liquors. I do not by this instruction, however, gentlemen, desire you to understand that the sale of such liquors, under all circumstances, by a person would be a violation of this statute; but he should use such reasonable means to determine whether the liquors which he is selling are such as are prohibited by law as a careful, prudent man, desiring to observe and obey the law, would use to ascertain such fact. If this defendant was keeping such a place for the sale of such liquors as I have said would be a violation of this law, the fact that he did not know, at the time when the sale was made, that these liquors were intoxicating, would not excuse him, unless he took such reasonable means to ascertain whether the liquors were such as were prohibited as an ordinarily careful and prudent man, desirous of obeying the law and keeping within its provisions, would take to ascertain such fact. I think that, if he did not know he was keeping a place where such

liquors as were prohibited were sold, he did not know that they were such liquors as the statute prohibits from being sold, and he used such reasonable means to find out whether they were or not, and did not discover it, then he should not be held responsible. The mere fact that this defendant, Mr. William Ingraham, took out this license, does not, in itself, establish the fact that he was keeping such a place as is prohibited by the statute. It is one of the circumstances, simply, as the court has permitted to go before you to enable you to determine whether he was keeping such a place or not. It should have that weight which you think, in view of all the circumstances, it ought to have. The defendant gives his explanation of why he had it; and you are instructed to construe this portion of the evidence in the light of all the circumstances which surround it. It bears upon the question of whether he was keeping such a place as was prohibited by the statute."

We think the request to charge was properly refused, and that the charge, as given, was proper under the facts shown. The statute makes it unlawful to engage in this business, and it was the duty of the respondent to exercise that degree of care which the court below specified. It is apparent that, if the respondent had exercised the same care to keep within this statute that he did to shield himself from prosecution under the United States statute, he might have ascertained whether the drinks he was selling were lager beer instead of pop or ginger ale. If he was acting in good faith, and with a desire to keep within the law in force in that county, it is remarkable that he should have found it necessary to take out a United States license. It is evident that the claim made, that he believed it Toledo ginger ale, and purchased it as such, and sold it in good faith, believing it non-intoxicating, was a mere subterfuge; and the court below, in the charge, gave the respondent's claim all the weight to which it was entitled. This local option law is in force in that county. It has been determined by the vote of the people that intoxicating liquors shall not be sold there,

and one who attempts to violate or evade the law must expect to suffer the penalty for such violation. It is not a question of intent. It is unlawful to carry on the business of selling intoxicating liquors, or to sell intoxicating liquors, within that county.

The court was also requested to charge the jury, substantially, that if they believed the drinks sold contained only 1 per cent. of alcohol, and were not convinced, beyond a reasonable doubt, that they were intoxicating, they should acquit. The court charged that the statute prohibited the keeping of a place where malt, brewed, fermented, vinous, or intoxicating liquors, or liquors some part of which was spirituous and intoxicating, were sold, and, if the respondent was not keeping such a place, he could not be convicted, and it was for the jury to say, under all the evidence, whether he kept such a place. Under the circumstances, this was as fair a charge as the respondent was entitled to. Under it, all his rights were protected. It is provided by section 1 of the local option statute (3 How. Stat. § 2283a) that it shall be unlawful to keep a saloon or any other place where any vinous, malt, brewed, fermented, spirituous, or intoxicating liquors, or any mixed liquor or beverage, any part of which is intoxicating, are manufactured, sold, stored for sale, given away, or furnished.

The court was further asked to charge the jury that if they found that the drinks sold contained some alcohol, yet not of sufficient quantity to cause intoxication, they must acquit. As we have seen, the statute prohibits the keeping of a place where intoxicating liquors, or any mixed liquors, any part of which is intoxicating, are sold. The intent of the statute is to prevent the spread of intemperance and to remove the cause; and evidently the Legislature thought that mixed liquors of which some parts, or any part, are intoxicating, might be injurious,

and it was left to the people of each county to determine whether any such drinks should be sold. It has been determined in Hillsdale county that they shall not be, and that no place shall be kept for such sales. It was within the province of the Legislature to confer upon the people of the county the right to suppress the traffic in that kind of beverages, as well as the traffic in liquors which contain more alcohol, or which are malt or fermented liquors. The request was properly refused.

The case has been fairly tried, and the conviction must be affirmed.

The other Justices concurred.